J-S43042-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICOLE ASHLEY DUVALL | : | |
| | : | |
| Appellant | : | No. 740 EDA 2024 |

Appeal from the Judgment of Sentence Entered February 7, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0003148-2022

BEFORE:  BOWES, J., STABILE, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JANUARY 7, 2025**

Nicole Ashley Duvall appeals from the judgment of sentence imposed after she entered an open guilty plea to corrupt organizations and various firearm-related offenses.  She claims that her counsel was ineffective for failing to file a post-sentence motion to withdraw her guilty plea.  Additionally, Duvall's counsel filed a petition to withdraw from representation and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967).  Upon review, we grant counsel's petition and affirm the judgment of sentence.

In September 2021, on three different occasions, Duval went to various gun stores and purchased firearms at the direction of her co-conspirator Curtis Green.  On the application/record of sale forms, Duvall indicated that she was purchasing the firearms for herself.  In fact, however, she was purchasing the firearms to sell to individuals who were ineligible to buy them on their own. Following an in-depth investigation, Duvall was arrested and charged with 65

counts which included firearms violations, conspiracy, corrupt organizations, making materially false written statements, dealing in proceeds of unlawful activities, criminal use of a communication facility, and unsworn falsification to authorities.

> Thereafter,
>
> [Duvall] entered an open guilty plea on March 8, 2023, to one count of corrupt organization[s], six counts of sale or transfer of [a] firearm to [an] ineligible person, one count of conspiracy and one count of dealing in the proceeds of unlawful activity [for a total of 9 counts].[1]  Five of the firearm offenses [each] carried mandatory sentences of 5 to 10 years in prison.
>
> [Duvall] appeared for sentencing on February 7, 2024, represented by Noah Gladstone, Esquire. This court sentenced [Duvall] to an aggregate term of imprisonment of 5 to 10 years, exercising its discretion to run [all the sentences concurrent to] each of the individual sentences imposed.  Attorney Gladstone passed away a week later.
>
> Between February 28 and 29, 2024, another attorney from Gladstone's law firm, John Derek Guynn, Esquire, entered his appearance on [Duvall's] behalf, filed a timely notice of appeal and sought the appointment of new counsel. Guynn represented in the filings that Gladstone had passed away on February 14, 2024, that [Duvall] had communicated to his law firm a desire to appeal, that his law firm had not been retained for post-sentence proceedings and that [she] was without the financial means to retain new counsel.  Guynn, therefore, stated that he had entered his appearance for the limited purposes of filing a notice of appeal and seeking the appointment of new counsel.

Trial Court Opinion, 5/20/24, at 1-2 (citations omitted).  Thereafter, the court appointed new counsel to represent Duvall on appeal.  Duvall and the trial

---

[1] 18 Pa.C.S.A. §§ 922 (b)(2), 6111(g)(2), and 5111(a)(1).  The Commonwealth agreed to *non pros* more than 50 additional charges.

court complied with Pennsylvania Rule of Appellate Procedure 1925. New counsel filed a petition to withdraw from representation and an **Anders** brief with this Court.[2] Duvall did not file a counseled or *pro se* response to the **Anders** brief.

Before we may consider the issues raised in the **Anders** brief, we must first consider counsel's petition to withdraw from representation. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) (holding that, when presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

**Commonwealth v. Edwards**, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa.

_____

[2] We note that when counsel intends to file an **Anders** brief and ask this Court to withdraw, counsel should file a statement pursuant to Rule 1925(c)(4) rather than Rule 1925(b).

2009), our Supreme Court addressed the second requirement of **Anders**, *i.e.*, the contents of an **Anders** brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Once counsel has satisfied the **Anders** requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, counsel filed both an **Anders** brief and a petition for leave to withdraw. Further, the **Anders** brief substantially comports with the requirements set forth by our Supreme Court in **Santiago**. Finally, the record included a copy of the letter that counsel sent to Duvall of counsel's intention to seek permission to withdraw and advising Duvall of her right to proceed *pro se* or retain new counsel and file additional claims. Accordingly, as counsel has complied with the procedural requirements for withdrawing from

representation, we will review the issues raised by counsel to determine whether Duvall's appeal is wholly frivolous.

In the **Anders** brief, counsel indicates that Duvall wishes to raise the following issue:

1. Whether trial counsel was ineffective for failing to file a post-sentence motion to withdraw her guilty plea, which was not knowing, intelligent and voluntary.

**See Anders** Brief at 9; Trial Court Opinion, 5/20/24, at 3. Specifically, Duvall claims that counsel was ineffective because she informed counsel that she wanted to file a post-sentence motion to withdraw her guilty plea. However, according to Duvall, counsel died shortly after her sentencing and did not file the motion. **Anders** Brief at 9.

Generally, a criminal defendant may not assert claims of ineffective assistance of counsel on direct appeal. **Commonwealth v. Holmes**, 79 A.3d 562, 563 (Pa. 2013). Instead, we defer such review to petitions under the Post Conviction Relief Act[3] ("PCRA"). **Id.** As such, we initially conclude that Duvall's claim of ineffectiveness is premature.

However, the Pennsylvania Supreme Court has recognized three exceptions to this rule, two of which were outlined in **Holmes.** There, the Court held that ineffectiveness claims may be considered where: 1) a discrete claim (or claims) "is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice;" or 2) there

_____

[3] 42 Pa.C.S.A. §§ 9541-46.

is good cause shown and the defendant expressly and knowingly waived his or her right to seek PCRA review. *See id.* at 563-64. The third exception applies where a defendant is "statutorily precluded from obtaining subsequent PCRA review." *Commonwealth v. Delgros*, 183 A.3d 352, 361 (Pa. 2018).

Upon review of the record, we conclude that Duvall's claim does not meet any of these exceptions. The trial court aptly explained as follows:

> *Holmes'* first exception is not met because the alleged ineffectiveness is not transparent on the face of the record. Notably, a factual record has not been developed [and would have to be] on the issues of whether [Duvall] requested that a post-sentence motion be filed and whether a post-sentence motion to withdraw her open guilty plea would have merit . . . . *Holmes'* second exception is not met because [Duvall] has not waived her entitlement to subsequent PCRA review. [The record is devoid of any such express waiver.] Finally, the *Delgros* exception has not been met because [Duvall] is not statutorily precluded from pursuing post-conviction relief after her judgment of sentence becomes final.

Trial Court Opinion, 5/20/24, at 4. Thus, Duvall's claim must be deferred to collateral review.

For the foregoing reasons, we conclude that Duvall's claim on appeal is frivolous.[4] Further, in accordance with *Dempster*, we have independently

_____

[4] Even if Duvall had filed a motion to withdraw her guilty plea, preserving her claim, and then filed a direct appeal of a denial thereof, we would agree with counsel that any challenge would be frivolous. *See Anders* Brief at 14.

Generally, upon the entry of a guilty plea, a defendant waives all claims and defenses other than those challenging the jurisdiction of the court, the validity of the plea, and the legality of the sentence imposed. *See Commonwealth v. Jabbie*, 200 A.3d 500, 505 (Pa. 2018). As counsel noted, any challenge to

*(Footnote Continued Next Page)*

_____

the court's jurisdiction or the legality of Duvall's sentence would be meritless. **Anders** Brief at 15, 19-20. The trial court indisputably had jurisdiction over Duvall's case. Further the court imposed the mandatory minimum sentences as required and imposed the maximum sentences within the statutory limit.

Similarly, any challenge to the validity of Duvall's plea would be meritless. **See Anders** Brief at 15-19. To be valid, a guilty plea must be voluntary, knowing, and intelligent. **Commonwealth v. Pollard**, 832 A.2d 517, 522 (Pa. Super. 2003). We observe that,

> [p]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not _per se_ establish prejudice on the order of manifest injustice.

**Commonwealth v. Broaden**, 980 A.2d 124, 129 (Pa. Super. 2009) (citations omitted).

Here, Duvall executed a lengthy and comprehensive written guilty plea colloquy. N.T., 3/8/23, at 5. This document elicited, at a minimum, the information required by Rule of Criminal Procedure 290(A)(1). Notably, Duvall only asked her attorney one question about it and indicated that counsel satisfactorily answered it for her. Additionally, Duvall stated on the record at the plea hearing that her answers to the questions in the written colloquy would be the same if counsel asked her those same questions, there, again. **Id.** at 6-7. Furthermore, the Commonwealth asked Duvall if she understood the severity of the crimes to which she was pleading guilty and the significance of the mandatory minimum sentences in her case; she stated that she did. **Id.** at 10. The court also emphasized the significance of Duvall's plea, particularly given the multiple mandatory minimum sentences. **Id.** at 11-13. Duvall acknowledged all this and never hesitated or wavered in her decision to plead guilty. Moreover, the Commonwealth _nol prossed_ most of the charges against Duvall. Given all the circumstances in this case, we would conclude, as the trial court did at the conclusion of the plea hearing, that Duvall's guilty

_(Footnote Continued Next Page)_

reviewed the certified record to determine if there are any non-frivolous issues that counsel may have overlooked. Having found none, we agree that the appeal is wholly frivolous. Therefore, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

---

plea was knowing, intelligent, and voluntary and therefore valid. *See* N.T., 3/8/23, at 14.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 1/7/2025